IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,                          No. 3:23-cr-00066-AB-1

                    Plaintiff,                     OPINION AND ORDER

        v.

DOUGLAS ARTHUR MERKLE, II,

                    Defendant.

**BAGGIO, District Judge:**

Before the Court is Defendant Douglas Arthur Merkle, II's Motion for Release from Custody Pending Appeal ("Mot.", ECF 73). For the reasons discussed herein, Defendant's motion is DENIED.

## I.    BACKGROUND

For three years—from March 2018 to August 2021—Defendant stalked, harassed, and threatened Adult Victim 1 ("AV1"). Indictment (Redacted) (ECF 1) at 1. On March 7, 2023, approximately two years after his last contact with AV1, Defendant was charged by indictment with one count of cyberstalking, in violation of 18 U.S.C. § 2261A(2)(B). *Id.*

On November 13, 2024, Defendant pled guilty to the single count of cyberstalking, pursuant to a plea agreement. Plea Petition (ECF 45). In the plea agreement, the parties stipulated

to the appropriate guideline calculations. Plea Agreement (ECF 46) ¶ 7. The parties agreed that Defendant should receive a two-level downward adjustment as a zero-point offender under U.S.S.G § 4C1.1 and a four-level downward variance under 18 U.S.C. § 3553(a),[1] resulting in a total offense level of 11. *Id.* The Government promised to recommend a sentence of eight months in prison, the low end of the anticipated, post-variance guideline range. *Id.* ¶ 9. Defendant was allowed to seek probation, so long as his recommended probationary sentence included six months of home confinement. *Id.*

On April 15, 2025, this Court sentenced Defendant to the Bureau of Prisons for confinement of a period of fifteen months followed by a three-year term of supervised release. Sentencing Hearing Transcript ("Sent. Tr.", ECF 67) at 47:4–7; *see also* Judgment & Commitment (ECF 57). Defendant was sentenced to seven months longer than the Government's recommendation, but nine months less than the low end of the advisory guidelines range as agreed by the parties and found by the Court. Defendant timely filed a Notice of Appeal. (ECF 59).

Pursuant to the Bail Reform Act, 18 U.S.C. § 3143(b), Defendant moves this Court to allow him to remain on his current conditions of release pending appeal. Mot. at 5. Defendant's "appeal will ask the Ninth Circuit to decide: (1) whether this Court at sentencing failed to consider a relevant 18 U.S.C. § 3553(a) factor; and (2) whether the Government's sentencing presentation deprived Mr. Merkle of the benefit of his bargain by implicitly urging this Court to impose a harsher sentence than the government agreed to recommend." *Id.*

---

[1] The calculations included an anticipated two-level decrease, based on the parties' belief at the time that Defendant's criminal history would result in a score of zero-points despite Defendant's 2022 state conviction for battery. Government's Sentencing Memorandum ("Gov. Sent. Memo", ECF 51) at 6 n.1.

## II.     LEGAL STANDARD

The defendant has the burden to overcome the presumption that he should be detained while his appeal is pending. *See United States v. Montoya*, 908 F.2d 450, 451 (9th Cir. 1990). Under 18 U.S.C. § 3143(b)(1), for a defendant to obtain release pending appeal, the court must find:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . .; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--
>
> > (i) reversal,
> >
> > (ii) an order for a new trial,
> >
> > (iii) a sentence that does not include a term of imprisonment, or
> >
> > (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

A "substantial question" is one that is "fairly debatable." *United States v. Handy*, 761 F.2d 1279, 1281 (9th Cir. 1985). While a substantial question is "one of more substance than would be necessary to a finding that it was not frivolous," the district court need not find that reversal "is more likely than not," as this would be "tantamount to requiring the district court to certify that it believes its ruling to be erroneous." *Id.* at 1280–83.

## III.     DISCUSSION

The Defendant moves for release pending appeal based on his claim that this case raises a substantial question of law or fact likely to result in reversal. *See* 18 U.S.C. § 3143(b)(1)(B).

### A.  The Court Properly Considered The Relevant 18 U.S.C. § 3553(a) Factors At Sentencing.

Defendant first argues that this Court failed to consider a relevant 18 U.S.C. § 3553(a) factor relating to Defendant's family circumstances. *See* Mot., 16–19. The Ninth Circuit considers a sentencing hearing procedurally sufficient "where the court reviews and listens to the defendant's arguments, states that it has reviewed the criteria set forth in § 3553(a), and then imposes a

sentence, explaining both the sentence and the justification for the decision." *United States v. Rangel*, 697 F.3d 795, 806 (9th Cir. 2012). A defendant's family circumstances are not specifically enumerated as a relevant factor under § 3553(a) but they may be considered under the history and characteristics of the defendant or other sentencing factors. *See, e.g., Untied States v. Herra-Osornio*, 521 F. App'x 582, 587 (9th Cir. 2013).

Here, the Court completed every step set forth in *Rangel*. The Court reviewed and listened to Defendant's arguments, Sent. Tr. at 4:8–15, 23:9–33:21, 34:4–38:11, reviewed the criteria set forth in § 3553(a), *id.* at 45:17–47:3, and imposed a sentence, *id.* at 47:4–49:4, explaining both the sentence and the justification for the sentence, *id.* at 38:13–50:7. As to Defendant's family circumstances, the Court found that "applying the parties' recommended variance of a total of six levels for adverse childhood experiences, mental health struggles, and Mr. Merkle's family circumstances is not appropriate in light of the extraordinary cruelty displayed over a three-year period of time, his lack of accountability, and the Court's concerns over him being a danger as displayed over the extended period of time in this case." *Id.* at 46:18–24. Thus, the Court weighed Defendant's mitigation, including his family circumstances, against the other relevant sentencing factors and rejected the parties' recommendation of a six-level variance.

It is not "fairly debatable" whether the Court failed to consider a relevant sentencing factor relating to Defendant's family circumstances. Accordingly, Defendant's appeal does not present a "substantial question" as to whether the Court properly applied the 18 U.S.C. § 3553(a) factors and release pending appeal is inappropriate under 18 U.S.C. § 3143(b)(1)(B).

### B. The Government Complied With Its Obligations Under The Plea Agreement.

Next, Defendant argues that the Government breached the plea agreement by implicitly urging the Court to impose a sentence longer than eight months. *See* Mot., 19–23. The Government

implicitly breaches a plea agreement by "arguing for a sentence greater than the terms of the plea agreement specified that the prosecution would recommend." *United States v. Farias-Contreras*, 104 F.4th 22, 28 (9th Cir. 2024), *cert. denied*, 145 S.Ct. 1316 (2025) (citing *United States v. Whitney*, 673 F.3d 965, 971 (9th Cir. 2012)). "[W]hen the government obligates itself to make a recommendation at the low end of the guidelines range, it may not introduce information that serves no purpose but to influence the court to give a higher sentence." *Id.* (citing *Whitney*, 673 F.3d at 971). This rule however does not "prohibit the government from presenting *any* information that is already known and contained in the presentence report." *Id.* at 31.

The plea agreement in this case bound the Government to recommend a sentence of eight months in prison. The Government did just that. *See* Sent. Tr. at 7:12–21, 21:6–23:6; *see also* Gov. Sent. Memo at 1, 5, 6, 9. During the sentencing hearing, the Government acknowledged that the parties' original guideline calculations were incorrect yet urged the Court to apply a larger variance than originally anticipated by the parties and advocated for imprisonment of an eight-month sentence despite the higher guidelines. Sent. Tr. at 21. Specifically, the Government stated:

> I still think the variance is appropriate under the circumstances in this case. Taking [Defendant's criminal history] into account as well as the particular factors that contributed to the defendant's conduct, the downward variance that was agreed upon by the parties was appropriate and it remains appropriate completely in my mind.

*Id.* at 21:15–20. It is evident to the Court that the Government was advocating for an eight-month sentence of imprisonment and arguing against Defendant's request for a non-custodial sentence of probation. *See id.* at 22:25–23:6 (arguing that "this Court should [not] leave unaddressed or sanction with something less than a term of imprisonment, and the government agrees with probation that eight months is a sufficient, but no greater than necessary, sentence to accomplish the goals of just punishment.").

Moreover, the plea agreement required the Government to "fully inform the [Presentence Report ("PSR")] writer and the Court of the facts and law related to defendant's case[ ]" and "the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition." Plea Agreement ¶ 13. The Government refuted Defendant's statement to the PSR writer that Defendant harassed AV1 because she called him a "pervert" and provided the Court a more complete record of Defendant's conduct. *See* Gov. Sent. Memo at 2–5; *see also* Sent. Tr. at 22:3–23:6. The Government additionally provided the Court with materials pertaining to Defendant's prior conviction. Supplement to Gov. Sent. Memo (ECF 55); *see also* Sent. Tr. at 22:3–23:6. Again, it is evident to the Court that the Government was arguing against Defendant's request for non-custodial probation by noting that Defendant minimized his conduct and refused to take accountability for his actions.

The Court finds that it is not "fairly debatable" whether the Government breached the plea agreement. Accordingly, Defendant's appeal does not present a "substantial question" as to whether the Government fulfilled its obligation under the plea agreement, thus, release pending appeal is inappropriate here.[2]

## IV.    CONCLUSION

As explained above, Defendant has failed to establish a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. Therefore, Defendant's Motion

---

[2] Because the Court finds Defendant's appeal does not raise a substantial question to justify the Defendant's request to remain out of custody pursuant to 18 U.S.C. § 3143(b)(1)(B), the Court need not reach the Government's argument that Defendant waived his right to appeal. *See* Government's Opposition to Mot. (ECF 78) at 8–10.

for Release from Custody Pending Appeal [73] is DENIED. Defendant is ORDERED to self-surrender within 45 days of the filing of this Opinion and Order.

IT IS SO ORDERED.

DATED this  15th  day of August 2025.


*Amy M. Baggio*
_____
AMY M. BAGGIO
United States District Judge